## Case No. 982.

BARING et al. v. FANNING et al.

[1 Paine, 549.] [1]

Circuit Court, D. New York. April Term, 1826.

### JUDGMENT—EVIDENCE.

1. A judgment or decree of a court can be used as evidence in another suit only as against parties and privies; and if in the second suit there are new parties, against whom the judgment could not have been used, had it been adverse, they cannot introduce it in their favour.

[See Patterson v. Gaines, 6 How. (47 U. S.) 550; Gregg v. Forsyth, 24 How. (65 U. S.) 179; Barr v. Gratz, 4 Wheat. (17 U. S.) 213; Drummond v. Prestman, 12 Wheat. (25 U. S.) 515; Fellows v. Pedrick, Case No. 4,724; Davis v. Forrest, Id. 3,634,—as to the exceptions to this rule.]

2. And it makes no difference that the new parties, as assignees of a chose in action, are endeavouring, together with the assignor, to enforce the same right that was established in the former suit in favour of the assignor.

3. And in such a case, where a court of chancery had ordered an account, and made a decree thereupon in favour of the assignor, it was held not to be a matter decided ex directo, by a court of competent jurisdiction, so as to bring it within the exception to the general rule.

In equity. At the hearing of this cause, it was referred to a master to take an account between the parties; and on the coming in of the report, exceptions were taken thereto by the defendants, and now argued. The case made by the bill was as follows: On the 20th December, 1809, Consequa, one of the complainants, a Hong Kong merchant, residing at Canton, shipped at that place, on board the Chinese, a ship belonging to the defendants, a cargo of merchandise, the cost of which was 43,025 dollars 87 cents, consigned to the defendants, [Fanning and Coles,] who were merchants of New-York, to be sold for the account of Consequa. The cargo having been received, on the 26th of Sep-

---

[1] [Reported by Elijah Paine, Jr., Esq.]

tember, 1810, Consequa assigned the cargo and its proceeds to the other complainants, William Baring, James Malony, and James T. Roberts, composing the firm of William Baring & Co., and on the 24th of December, 1810, advised the defendants of this assignment, by letter, and desired them, in case they had made any remittance to him on account of the shipment, or otherwise disposed of the funds arising from it, to make good to Baring & Co., or their agents, out of any other funds of his in their hands, the full nett proceeds of the shipment. Baring & Co. transmitted this letter to their agents, Willing & Francis, of Philadelphia, with an endorsement requesting the defendants to pay the contents to Willing & Francis. They communicated this letter to the defendants on the 27th of April, 1811, and on the 29th, the defendants replied, informing them that remittance had been made on the shipment, and that whatever balance should ultimately be found due to Consequa, would be paid to any one authorized to receive it. On the 24th of November, 1811, Consequa, by another letter, ordered the defendants to pay to the order of any one holding the before-mentioned assignment, any balance of any of his property, to an amount not exceeding 43,025 dollars 87 cents, which letter was in like manner delivered to Baring & Co., and by them endorsed, and transmitted through Willing & Francis to the defendants, and received by them on the 5th of August, 1811. The bill prayed an account of the proceeds of the shipment, and of the payments and remittances on account of the same, and of the balance in hand; and that the defendants might admit funds in their hands belonging to Consequa, to the amount of 43,025 dollars 87 cents, or render an account of the effects of Consequa in their hands, at the time they were notified of the assignment, and of the disposition thereof. The cause was brought to a hearing on bill, answer, and proofs, and an order made, referring it to a master to take an account of the monies arising from the said shipment, and of the disposition thereof by the defendants, and of the amount due the complainants by virtue of the said assignment; and that if such monies should have been remitted to Consequa, or otherwise disposed of prior to the 5th of August, 1811, so that the same had not come to the hands of the complainants, that then an account should be taken between Consequa and the defendants to that time, so far as might be necessary to ascertain whether the balance, if any, due by the defendants to Consequa, for monies or merchandise, which might have come to their hands, was sufficient, with the remaining proceeds of said shipment, to make up the said sum of 43,025 dollars 87 cents. Upon the reference the complainants exhibited their charges, claiming the invoice cost of the shipment, with interest from the 5th of August, 1811; and in support of their char-

ges, offered in evidence the decree and proceedings in the court of chancery of the state of New-York, in a cause between Consequa, the complainant, and the defendants, in which a balance was established against the latter of upwards of 100,000 dollars. This evidence was objected to by the defendants. In order to take the opinion of the court, it was, however, arranged by the parties, that the master should admit it, and report the whole amount of the complainant's charges.

Exceptions were taken to this report by the defendants, and now on the argument, it was agreed, that the decree and proceedings offered in evidence, were to be found in the report of the case, in 4 Johns. Ch. 587, and 17 Johns. 511.

R. Emmet for the defendants, insisted: That as Consequa was the only one of the present complainants who was a party to the suit in chancery, the proceedings and decree in that suit could not be given in evidence in this, because the other complainants were neither parties nor privies thereto, and if the decree had been against Consequa instead of in his favour, they would not have been bound by it; and that if such had been the case, the defendants could not have availed themselves of it as evidence in this suit: That therefore, as the decree could not have been used equally for the benefit of both, it was not evidence by the settled rules of law. Gilb. Ev. 34; Cas. t. Holt, (Farresley,) 135; Bull. N. P. 233; 16 Johns. 51; 1 Munf. 394, 398; Phil. Ev. 226–234. That this case could not be brought within any of the exceptions to this general rule of evidence. It was not like the cases of custom, toll, tithes, settlement of paupers, elections, &c. where the rule was dispensed with in favour of the settlement of rights of a public character. Nor was the decree in a court of exclusive jurisdiction, like the ecclesiastical courts, or the admiralty or exchequer courts, proceeding in rem, whose judgments directly upon a point, were conclusive upon the same point arising incidentally in another court. 4 Price, 154, note; Phil. Ev. 226, 234. That the indebtedness of the defendants to Consequa, as it resulted on the taking of the account, and appears in the decree, was not a matter of fact found ex directo by the court of chancery. A matter decided ex directo, is where the question admits of a simple negative or affirmative, such as devastavit vel non, marriage or no marriage, prize or no prize, adultery or no adultery, &c. Nor does the question of the defendants' indebtedness to Consequa arise incidentally in this cause. It is the very foundation of the suit. But if the decree and proceedings are admissible in this cause, they are not conclusive against the defendants; because the bill in that suit was filed for specific claims, and not for a general account, and a general accounting was not gone into.

T. L. Ogden for the complainants, contended: That the bill filed in chancery was to ascertain the state of accounts in reference to the property, of which the partial assignment had been made to Baring & Co. That it did not embrace any transactions subsequent to that assignment, but referred exclusively to those which were prior; and that decree therefore precluded the necessity of again litigating the same points which were involved and decided in the suit with Consequa. The objection that that suit was res inter alios acta cannot be sustained. The decree was of a court of competent and exclusive jurisdiction, deciding ex directo on the matters in controversy, and conclusive as to the same matters in any other court. The question was a single one, whether the defendants were debtors to Consequa to some and what amount. Bull. N. P. 243–245; 2 Bac. Abr. 630; Amb. 756; 2 Esp. 607. Again, the complainants, Baring & Co. claim under Consequa, and are on that ground entitled to the benefit of the decree. Bull. N. P. 243; 2 Bac. Abr. 629; 1 Phil. Ev. 230. Consequa is a mere trustee for them, and they would be entitled to file their bill claiming the benefit of the decree in his favour. 2 Madd. Ch. Pr. 408; 4 Brown, Parl. Cas. 33. The account before the master must be taken on the principles of that taken in the court of chancery, without any reference to the pretended counter claims of the defendants; for the existence of such claims was not set up when the assignment was notified to the defendants; no proof has been exhibited of their existence, and the order of reference does not authorize their admission. The result of a new account would therefore be the same as the former. [Exceptions sustained, and report set aside.]

THOMPSON, Circuit Justice. The question now presented for decision arises on an exception to the report of the master, under an order of reference. This order directed an account to be taken of the monies arising from the merchandise, shipped in the Chinese, in 1809, by Consequa, and consigned to the defendants; and of the disposition of the said monies, and of the amount due on said consignment to Baring & Co., by virtue of the assignment of Consequa to them, set out in the bill. And if the proceeds, or any part thereof, shall have been remitted to Consequa, or otherwise disposed of prior to the 5th of August, 1811, so that the same have not come to the hands or use of the said Baring & Co., that then an account be also taken, and stated between Consequa and the defendants, down to the 5th day of August, 1811, so far as the same may be necessary to ascertain whether the balance, if any, due by the defendants to Consequa, for monies or merchandise, which may have come to the hands of the defendants, be sufficient with the remaining nett proceeds of the said merchandise, to make up the original invoice value of the same merchandise, amounting to forty-three thousand and twenty-five dollars eighty-seven cents. Upon the reference, the complaints offered in evidence, a certain decree heretofore obtained in the court of chancery of the state of New-York, by Consequa, one of the complainants in this cause, against the above defendants, and the proceedings in the suit in which said decree was obtained. This evidence was objected to on the part of the defendants, but admitted by the master, as competent and conclusive in the present case. By that decree a balance was found due from the defendants to Consequa, of upwards of one hundred thousand dollars; and the master has accordingly reported in the present case, that there is due to Baring & Co. the whole balance claimed by them, including interest, amounting to eighty-seven thousand one hundred and forty dollars sixty-one cents, being the amount of the forty-three thousand and twenty-five dollars eighty-seven cents, assigned by Consequa to Baring & Co., and the interest on the same.

The objection taken to the admissibility of this decree is, that it was res inter alios acta. The general rule on this subject is, that judgments and decree are evidence only between parties and privies. But it is contended, that there are exceptions to this general rule, under which the decree in question was admissible, and the broad principle is assumed, that the final decree or judgment of any court of competent jurisdiction, deciding ex directo on any matter, is conclusive as to that matter, in any other court, between any other parties. This position, if admitted to embrace the present case, is not supported by authority, and cannot, I think, be sustained on any sound principle applicable to the rules of evidence. The matters in controversy in the court of chancery of this state, related to the mere private rights of the parties. The exceptions to the general rule, (which requires that verdicts or judgments should be admitted in evidence only between parties to the suit, or privies,) which are mentioned in the books, relate generally to some question of custom, right of common, right of way, right of election, &c. In such, and the like cases, a former verdict in an action between any other parties, is admissible in evidence, when the point there directly decided is in issue. But it is not in such case conclusive. The common reputation of the place would, in these cases, be evidence of the right; and the verdict of twelve men, upon oath, is considered at least of equal weight. Phil. Ev. 233.

Nor are the cases of judgments, or decrees in rem, or of courts of exclusive jurisdiction, applicable to the present case. The court of chancery of New-York had not exclusive jurisdiction of the matters in contro-

versy, nor was the decree there rendered a decree in rem. There is nothing, therefore, in relation to the subject matter in controversy in that suit, or the nature and operation of the decree, that should take it out of the general rule. As between the same parties, it is right and proper that the verdict of the jury finding a fact, or the judgment or decree of a court on facts found, should be conclusive, and operate as estoppels. [Hopkins v. Lee,] 6 Wheat. [19 U. S.] 109. But such estoppels should be mutual, and no one be permitted to have the benefit of a judgment or decree, who would not have been prejudiced by it, had it been the other way. Gilb. Ev. 34; Cas. t. Holt, 135; Bull. N. P. 233. Had the decree been in favour of the defendants, it would not have concluded the rights of Baring & Co. They not having been parties to that suit, had no opportunity to set up and maintain their claim against the defendants. There would, therefore, be no mutuality of benefit to the parties in the present suit. Paynes v. Coles, 1 Munf. 373. The case of Chapmans v. Chapman, 1 Munf. 398, is very analogous to the present suit. It was there laid down that a record in one suit cannot be read as evidence in another, on the ground that the defendant and one of the plaintiffs in the latter suit, were parties to the former, and that the same point was in controversy in both; another plaintiff, and the person under whom both the said plaintiffs jointly claimed, not having been parties to such former suit. Phil. Ev. 222–334, where most of the cases are collected. But if no well founded objection lay to the admission of that decree in evidence, by reason of the variance of parties in that and the present suit, I am unable to discover that the matters in controversy, in this cause, have been there decided. The bill, in this case, seeks a particular account of the proceeds of the shipment, by the Chinese, on the 2d of December, 1809, consigned to the defendants, and which had been assigned by Consequa to Baring & Co.; the first cost of which cargo amounted to forty-three thousand and twenty-five dollars eighty-seven cents, and also of the payments and remittances on account of the same. And that the defendants might admit funds in their hands belonging to Consequa, to the amount of forty-three thousand and twenty-five dollars eighty-seven cents, or render an account of all other goods, monies, and effects in their hands, belonging to Consequa, at the time of notice of assignment to Baring & Co., on the 5th of August, 1811, and of the sales, payments, and disposition of the same.

For the decree and proceedings in the court of chancery of this state, reference, by consent of counsel, is made to the report of the case, 3 Johns. 587, and 17 Johns. 511; by which it appears that the shipment of the 2d of December, 1809, was not at all in question, but was excluded from the account

then taken. The report of the master, in that case, did not, therefore, purport to state an account of the proceeds of the shipment now in question, and of the payments and remittances on account of the same, which was a direct and particular subject of reference to the master in this case. In this case any inquiry into the state of the accounts between Consequa and the defendants, is by the order of reference made contingent, depending on the facts, whether the proceeds of that shipment, or any part thereof, had been remitted by the defendants to Consequa, or otherwise disposed of prior to the 5th of August, 1811, so that the same had not come to the hands of Baring & Co.; and if they had, then the master was directed to state an account as between Consequa and the defendants, down to the 5th of August, 1811. The proceedings in the case of Consequa against the defendants, do not ascertain these facts; the report of the master there states the balance as it stood on the 31st of January, 1818, and not as it stood on the 5th of August, 1811, as is required in this case; so that neither of the inquiries referred to the master, in this case, were directly decided in the case of Consequa against the defendants. The proceedings in that case were not offered in evidence, to show admissions by the defendants, of any particular facts necessary to be established in the present case; but to show a final and conclusive balance in favour of Consequa, to an amount sufficient to cover the plaintiffs' claim; and for this purpose, and to this extent, the evidence was received by the master, which I think cannot be sustained. The report must accordingly be set aside, and the cause referred again to the master, under the orders of reference heretofore entered in the cause.